Filed 11/12/24  P. v. Wyatt CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C098357 |
| Plaintiff and Respondent, | (Super. Ct. No. 18CF00658) |
| v. | |
| JOSHUA COLE WYATT, | |
| Defendant and Appellant. | |

In 2018, defendant Joshua Cole Wyatt pled guilty to one count of felony possession for sale of a controlled substance.  The trial court imposed a split sentence, which included mandatory supervision.  In 2019, the court found Wyatt guilty of second degree robbery in a different case.  The court terminated the previously ordered mandatory supervision and placed Wyatt on probation for five years.  In 2023, after Wyatt pled guilty to additional offenses in two subsequent cases, the court sentenced Wyatt to an aggregate term that included a term for his 2018 conviction for possession for sale of a controlled substance.

1

On appeal, Wyatt asserts the trial court lacked jurisdiction to sentence him as to the 2018 conviction, in light of Penal Code[1] section 1203.1 as amended by Assembly Bill No. 1950 (2019-2020 Reg. Sess.) (Assembly Bill 1950) (Stats. 2020, ch. 328), because his mandatory supervision had expired.  The People argue his mandatory supervision was terminated and the two-year limitation set forth in section 1203.1, subdivision (a) does not apply to his subsequent probationary term because one of his convictions is subject to an exception set forth in subdivision (*l*)(1) of that statute.  We agree with the People and will affirm the judgment.

## PROCEDURAL BACKGROUND

The substantive facts underlying Wyatt's conviction are not relevant to our disposition and are therefore not recounted here.

Wyatt pled no contest to one count of felony possession for sale of a controlled substance (Health & Saf. Code, § 11351) in Butte County case No. 18CF00658 (2018 case).  The trial court imposed a four-year split sentence pursuant to section 1170, subdivision (h)(5), consisting of one year of imprisonment and three years on mandatory supervision.  Later that year, Wyatt's mandatory supervision was revoked based on an alleged violation for failure to report.  Wyatt admitted the violation, and the trial court ordered Wyatt to serve 60 days in county jail and reinstated mandatory supervision.

In February 2019, a felony complaint charged Wyatt in Butte County case No. 19CF00857 (2019 case) with second degree robbery (§ 211) and alleged Wyatt served a prior prison term (former § 667.5, subd. (b)).  The court found Wyatt guilty of second degree robbery and found true Wyatt served a prior prison term.  Consequently, the court also found Wyatt violated terms of his mandatory supervision in the 2018 case by failing to obey all laws and revoked his mandatory supervision in that case.  In

---

[1]     Undesignated statutory references are to the Penal Code.

imposing sentence, in October 2019, the trial court terminated Wyatt's mandatory supervision in the 2018 case as unsuccessful. It imposed an aggregate term of seven years, comprised of the upper term of five years for robbery and a consecutive one year for the prior prison term enhancement in the 2019 case and a consecutive one year (one-third the midterm) for possession for sale of a controlled substance in the 2018 case. It then stayed execution of the sentence and ordered Wyatt to probation for a term of five years.

In September 2021, a petition for revocation of probation was filed based on possession of a controlled substance. The trial court revoked probation and Wyatt subsequently admitted the violation. A week prior to sentencing on the probation violation, a felony complaint charged Wyatt with one count of forgery (§ 476) and alleged a prior strike conviction in Butte County case No. 21CF05845 (2021 case). Another petition for revocation of probation was filed. In the 2021 case, the trial court granted Wyatt's motion for mental health diversion and trailed the probation violation matter. Wyatt was released on his own recognizance and failed to appear at a review hearing thereafter. The trial court terminated mental health diversion as unsuccessful based on an unfavorable progress report and issued a bench warrant based on Wyatt's nonappearance.

In December 2022, a complaint filed in Butte County case No. 22CF05776 (2022 case) charged Wyatt with possession of body armor (§ 31360, subd. (a)) and resisting a peace officer (§ 148, subd. (a)(1)). Wyatt pled no contest to forgery in the 2021 case and resisting a peace officer in the 2022 case. As a result, the trial court also found Wyatt violated probation in the 2018 and 2019 cases.

In March 2023, the trial court imposed[2] an aggregate term of six years eight months, comprised of: the upper term of five years for second degree robbery in the 2019 case, a consecutive one year (one-third the midterm) for possession for sale of a controlled substance in the 2018 case, a consecutive eight months (one-third the midterm) for forgery in the 2021 case, and a concurrent one year for resisting a peace officer in the 2022 case. The trial court struck the prior prison term enhancement imposed under former section 667.5.

## DISCUSSION

On appeal, Wyatt contends the trial court lacked jurisdiction in March 2023 to impose the consecutive one-year term in the 2018 case. Specifically, he claims his mandatory supervision period had already expired based on the retroactive application of an amendment to section 1203.1. The People argue that the mandatory supervision was terminated and, despite the retroactive application of the amendment to section 1203.1, a statutory exception applied to his subsequent probationary term due to his conviction and sentencing for a violent felony. Wyatt did not file a reply brief. We agree with the People and affirm the judgment.

Whether Wyatt's case falls within an exception to the general two-year provision in section 1203.1 presents an issue of statutory interpretation which we review de novo. (*People v. Saxton* (2021) 68 Cal.App.5th 428, 431.)

---

[2] When the trial court originally imposed and suspended the execution of the sentence for the 2018 case and 2019 case, in October 2019, selection of the lower term, midterm, or upper term rested in the "sound discretion of the court." (§ 1170, former subd. (b); Stats. 2020, ch. 29, § 14.) Subsequently, effective January 1, 2022, Senate Bill No. 567 (2020-2021 Reg. Sess.) changed the requirements for proving aggravating circumstances and altered sentencing discretion under section 1170. (Stats. 2021, ch. 731, § 1.3.) Thus, at the sentencing hearing in March 2023, the court resentenced Wyatt as to the 2018 and 2019 cases pursuant to the amended section 1170.

4

Effective January 1, 2021, the Legislature enacted Assembly Bill 1950 and thereby amended section 1203.1 to generally limit felony probation to a maximum of two years. (§ 1203.1, subd. (a); *People v. Prudholme* (2023) 14 Cal.5th 961, 965-966.) These changes apply retroactively to defendants whose cases are not yet final at the time it went into effect. (*Prudholme*, at p. 966.) However, the new two-year probation limit does not apply to violent felonies (§ 667.5, subd. (c)) and felonies for which some other law specifies a specific probation length (§ 1203.1, subd. (*l*)(1)).[3] For these excepted offenses, the trial court "may suspend the imposing or the execution of the sentence and may direct that the suspension may continue for a period of time not exceeding the maximum possible term of the sentence." (§ 1203.1, subd. (*l*)(1).)

Here, Wyatt was convicted of second degree robbery, a violent felony triggering the exception (§ 667.5, subd. (c)(9)), in the 2019 case. And because the trial court terminated Wyatt's mandatory supervision as unsuccessful in the 2018 case, the court had to resentence Wyatt in the 2018 case when it imposed a sentence in the 2019 case. (Cal. Rules of Court, rule 4.452.) Thus, in October 2019, the court imposed an aggregate sentence for the convictions in both the 2018 and 2019 cases, suspended execution of that aggregate sentence, and ordered a single probationary period[4] of five years for all offenses. Wyatt was serving that term of probation when the amendments to section 1203.1 were enacted. When a defendant is convicted of multiple felonies but is the subject of a single grant of felony probation, if any single conviction falls within the

---

[3] The statutory exceptions to the two-year limit were originally found in former section 1203.1, subdivision (m) (Stats. 2020, ch. 328, § 2), which has since been redesignated as subdivision (*l*) without any substantive changes. (*People v. Kite* (2023) 87 Cal.App.5th 986, 991, fn. 2; Assem. Bill No. 177 (2021-2022 Reg. Sess.); Stats. 2021, ch. 257, § 22.) For clarity, we cite the current version of the statute.

[4] To the extent Wyatt contends there were separate probationary terms for each case, he misinterprets the record.

5

exception of section 1203.1, subdivision (*l*)(1), he or she is excepted for the entirety of his or her probationary term. (*People v. Kite, supra*, 87 Cal.App.5th at pp. 997-998.) Therefore, Wyatt's five-year probationary period imposed in October 2019 fell within the exception of section 1203.1, subdivision (*l*)(1), making him ineligible for the ameliorative benefit of Assembly Bill 1950's general reduction in probationary terms. Accordingly, the trial court retained jurisdiction to impose the sentence for the 2018 case in March 2023.

## DISPOSITION

The judgment is affirmed.

/s/
EARL, P. J.

We concur:

/s/
BOULWARE EURIE, J.

/s/
WISEMAN, J.[*]

---

[*]    Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.